Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-76-HRW

JOE MILKEL KIDWELL                                                                            PETITIONER

VS:  **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON                                                                                  RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Joe Milkel Kidwell, who is currently incarcerated in the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 2]. After being denied permission to proceed *in forma pauperis*, he has now paid the District Court fee.

This matter is before the Court for the screening of the petition. *See* 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1] As Kidwell is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

CLAIMS

Kidwell claims that he is actually innocent of violating the federal statute under which he was tried and convicted and that his conviction was otherwise flawed.

---

[1] During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS

Kidwell has submitted a pre-printed petition form, a typewritten memorandum of law and a stack of documentary exhibits, all going to alleged flaws in his 2003 conviction for knowingly and intentionally manufacturing approximately 159 plants of marijuana in violation of 21 U.S.C. § 841(a)(1). Petitioner was convicted by a jury in this Court, *United States v. Kidwell*, London No. 02-CR-093-DCR, and he was sentenced to 120 months incarceration. The criminal record shows that earlier this year, Kidwell's conviction was affirmed by the appellate court, and in June, the Supreme Court of the United States denied his petition for writ of *certiorari*. *United States v. Kidwell*, 217 Fed.Appx. 441 (6th Cir.) (unpublished), *cert. denied*, 127 S.Ct. 2963 (2007).

The next month, on July 17, 2007, Kidwell filed the initial pleadings herein, asking this Court to grant him relief from the judgment, pursuant to its 28 U.S.C. § 2241 jurisdiction. He urges three bases for relief from the criminal judgment. First, Petitioner claims that he is actually innocent of the crime for which he stands convicted. As he did before the trial court, unsuccessfully, Kidwell gives information on his various medical problems and his residual pain since an automobile accident in California in 1997; and he then claims that he was using the marijuana for medicinal purposes, as recommended by a physician and approved as a part of his California probation conditions. Therefore, Petitioner argues, he was actually innocent of criminal conduct.

Petitioner next contends that the indictment in the trial court was illegal, in that it utilized a "falsified police report," about other people who had substantial criminal histories. Third, Kidwell claims that this Court lacked jurisdiction over him in the criminal proceedings. He insists that because he was on probation upon conditions imposed by the California Superior Court, he was in the "constructive" custody of that Court. Therefore, Kidwell reasons, this Court did not have

jurisdiction to prosecute him at all and it erred, in contravention of the Constitution, by not giving full faith and credit to the California state court.

For these reasons, Petitioner asks this Court to release him from incarceration.

## DISCUSSION

Ordinarily, 28 U.S.C. § 2241 is to be used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As is clear from *Wright* v. *United States Bd. of Parole,* 557 F.2d 74, 77 (6th Cir. 1977), and *United States* v. *JaWi,* 925 F.2d 889, 893 (6th Cir. 1991), true attacks on the execution of sentence relate to Bureau of Prisons decisions affecting the duration of the sentence, and such attacks accept as a matter of course the validity of the original underlying conviction and sentence.

Although Kidwell uses the form petition for filing a Section 2241 proceeding about the execution of sentence, he actually challenges the conviction obtained in this Court, and such a challenge is not the proper subject of a petition for habeas relief under Section 2241. Rather, the Petitioner must raise his claims through a post-conviction motion to vacate, alter or amend, pursuant to 28 U.S.C. § 2255, in the case of *United States v. Kidwell*, London No. 02-CR-093-DCR.

Perhaps the instant *pro se* Petitioner has mistakenly filed under Section 2241. Perhaps he purposefully filed under Section 2241 because he claims "actual innocence," a term used by other federal prisoners wishing to challenge convictions and/or sentences under Section 2241, instead of Section 2255. However, this is permitted only under highly exceptional circumstances and this is conditioned upon a prisoner's being able to establish that his remedy under Section 2255 is

3

"inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (last clause in fifth paragraph, commonly called the "savings clause").

A prisoner has the burden to prove that his remedy under Section 2255 is inadequate or ineffective so that he may use Section 2241. In *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999), the Sixth Circuit surveyed the use of Section 2241 when prisoners' Section 2255 route had been barred under the then-new Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The appellate court held that Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756. Nor may Section 2241 be used simply because the prisoner let the statute of limitations run for filing for prior post-conviction motion under Section 2255. *Id.*; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

The *Charles* court emphasized that Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles,* 180 F.3d at 758; rather, it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As Petitioner Charles had not demonstrated that Section 2255 was truly "inadequate or ineffective," he was not entitled to proceed under Section 2241, and dismissal of his petition by this Court was affirmed.

However, because Petitioner Charles had failed to submit a facially valid claim of actual innocence, the appellate court withheld judgment as to whether a claim of actual innocence would permit a petitioner to seek relief when his Section 2255 remedy was unavailable. A few years later, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit would address the actual

4

innocence component of bringing a Section 2241 proceeding. It then held that technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence." *Id*. at 804.

Notwithstanding its label, however, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, which was issued after the petitioner's conviction became final and which interpreted the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Martin*, 319 F.3 at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62. To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004).

Petitioner Kidwell's claim is actually that he is legally innocent, not innocent of the fact of growing marijuana. This claim is not the required claim of "actual/factual innocence" because,

5

even if his allegations are true, the trial court did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757. This "actual innocence" has been defined as "factual innocence, not mere legal insufficiency." *Sawyer v. Holder,* 326 F.3d 1363, 1367 (11th Cir.2003) (citing *Bousley v. United States*, 523 U.S. 614, 620 (1998)).

In the case *sub judice*, even if this innocence component were present, however, the Petitioner has utterly failed to carry his burden of showing that Section 2255 is inadequate or ineffective for bringing these constitutional claims in the trial court. He did not raise the trial court's ruling on the medicinal use of marijuana on appeal; nor has he brought any motion pursuant to 28 U.S.C. § 2255. Because Petitioner has failed to show that Section 2255 is inadequate or ineffective, the claims he seeks to bring herein are not cognizable in a habeas corpus proceeding under Section 2241. Therefore, his petition must and will be denied.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner Joe Milkel Kidwell's petition for writ of habeas corpus is **DENIED**; and

(2) this action shall be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondents.

This September 14, 2007.

Signed By:
Henry R Wilhoit Jr. 
United States District Judge